■ In the Matter of Saquan L.E., Also Known as Saquan E., Also Known as Saquan E., Jr. Child Development Support Corporation, Respondent; Saquan E., Sr., Also Known as Saquan E., Appellant, et al., Respondent. [796 NYS2d 408]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the

father appeals, as limited by his brief, from so much of an order of factfinding and disposition of the Family Court, Queens County (Richardson-Thomas, J.), dated May 7, 2004, as, after fact-finding and dispositional hearings, found that he abandoned the subject child, terminated his parental rights, and transferred custody and guardianship rights to the Child Development Support Corporation and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

In 2003 the petitioner commenced the instant proceeding pursuant to Social Services Law § 384-b against, among others, the father, to terminate his parental rights to the subject child on the ground of abandonment. Following a fact-finding hearing, the Family Court, by clear and convincing evidence, found that the father failed to visit or communicate with the child for a period of six months immediately preceding the filing of the petition. Accordingly, the Family Court terminated his parental rights. We affirm.

The evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the father abandoned his child during the six-month period before the filing of the petition (see Social Services Law § 384-b [4] [b]; *Matter of Christine S.*, 203 AD2d 367 [1994]). Although part of a caseworker's testimony regarding documents in the case file constituted hearsay, such testimony was properly admitted as relevant and material to the issue of whether termination of parental rights was in the best interest of the child (see Family Ct Act § 624; *Matter of James Carton K.*, 235 AD2d 422, 423 [1997]; *Matter of David Michael J.*, 217 AD2d 1008, 1009 [1995]). The Family Court's order was not based on inadmissible hearsay but, rather, was supported by clear and convincing evidence and should not be disturbed.

The father's remaining contention is without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.