■ In the Matter of ICE S., a Child Alleged to be Abused and Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; SILVA S., Respondent; JOSEPH S., Respondent. STEVEN BANKS, Nonparty Appellant. (Proceeding No. 1.) In the Matter of INI S., a Child Alleged to be Abused and Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; SILVA S., Respondent; JOSEPH S., Respondent. STEVEN BANKS, Nonparty Appellant. (Proceeding No. 2.) [816 NYS2d 557]—

In two related child abuse proceedings pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by his notice of appeal and brief, from so much of an order of the Family Court, Queens County (Richardson, J.), dated November 12, 2004, as upon determining the nonparty appellant's motion to prohibit the father from having any contact with the subject children, granted the father supervised telephone contact with the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under Family Court Act § 1030 (c), a parent who is a party to a neglect/abuse proceeding, and who has been found to have neglected or abused his/her child: "shall be granted reasonable and regularly scheduled visitation unless the court finds that the child's life or health would be endangered thereby, but the court may order visitation under the supervision of an employee of a local social services department upon a finding that such supervised visitation is in the best interest of the child." Fur-

ther, it is generally presumed to be in a child's best interests to have visitation with his or her parent and the fact that a parent, such as the father herein, is incarcerated, will not, by itself, render visitation inappropriate (*see Matter of Crowell v Livziey*, 20 AD3d 923 [2005]).

Contrary to the Law Guardian's contention, there is no evidence that supervised telephone contact between the incarcerated father and the subject children "would be inimical to the [children's] welfare" (*Matter of Anaya v Hundley*, 12 AD3d 594, 596 [2004]; *see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984 [2003]). Most of the material cited by the Law Guardian in support of his claim came from either a pending dispositional hearing or evidence dehors the record and, therefore, cannot be considered for the first time on appeal (*see generally Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]).

Accordingly, the Family Court properly granted the father supervised telephone contact with the children. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.