■ In the Matter of JOSHUA WILSON A., a Child Alleged to be Abandoned. JOSEPH WILSON A., Appellant; SCO FAMILY OF SERVICES, as Successor Agency in Interest to the New York Foundling Hospital, Respondent, et al., Respondent. [828 NYS2d 389]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about September 7, 2004, which, after a fact-finding determination of abandonment, to the extent appealed from, terminated respondent father's parental rights and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

During the six-month period in question, respondent father had no contact with the agency or with the child. Moreover, as far back as the child's entry into foster care in 1998, there is no evidence of any ongoing efforts by the father to maintain contact with his son (*Matter of Julius P.*, 63 NY2d 477 [1984]). It is each parent's unique duty and responsibility to maintain contact with the child (*Matter of Andre W.*, 298 AD2d 206 [2002]; *Matter of Crawford*, 153 AD2d 108 [1990]). Even assuming the father is correct that the mother's surrender of the child was invalid, it has no bearing on the finding that he abandoned the child.

A dispositional hearing is not statutorily mandated in an abandonment proceeding (*Matter of Juan Andres R.*, 216 AD2d 145 [1995]), and such a requirement should not be read into Social Services Law § 384-b (*Matter of Dlaine S.*, 72 AD2d 775 [1979]). Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.