■ In the Matter of FEMALE F., Also Known as NEVAEH F. GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent; JEROME G., Appellant. [837 NYS2d 192]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from an order of disposition of the Family Court, Kings County (Elkins, J.), dated March 20, 2006, which, after a fact-finding hearing, and upon finding that he abandoned the subject child, terminated his parental rights and transferred joint guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and Graham-Windham Services to Families and Children for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the father abandoned the subject child during the six-month period before the filing of the

petition (*see* Social Services Law § 384-b [4] [b]; *Matter of Saquan L.E.*, 19 AD3d 418, 419 [2005]; *Matter of Orange County Dept. of Social Servs. [Diane A.]*, 203 AD2d 367 [1994]). Where, as here, the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Latifah C.*, 34 AD3d 798, 799 [2006]). The father's incarceration did not relieve him of his responsibility to maintain contact or communicate with the subject child or agency (*see Matter of Jahmir Domevlo J.*, 8 AD3d 280, 281 [2004]; *Matter of Tashara B.*, 299 AD2d 356, 357 [2002]; *Matter of Orange County Dept. of Social Servs. [Diane A.], supra*). Further, the material cited by the father concerning the permanency hearing for his other child derives from evidence dehors the record and, therefore, is not properly before this Court (*see Matter of Ice S.*, 30 AD3d 428, 429 [2006]; *Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]). In any event, the evidence has no bearing on the finding of abandonment concerning the subject child which was supported by clear and convincing evidence and should not be disturbed. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.