■ In the Matter of JAMAR TERRY N. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; MARIE C., Appellant. (Proceeding No. 1.) In the Matter of LARMAR VERABY N. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; MARIE C., Appellant. (Proceeding No. 2.) [846 NYS2d 631]—In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the mother appeals from two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Salinitro, J.), both dated January 4, 2007, which, after a fact-finding hearing, terminated her parental rights on the ground of abandonment, and transferred custody and guardianship of the subject children to Mercy First and the Commissioner of the Administration for Children's Services for the purposes of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the mother had abandoned the children for the six-month period immediately prior to the filing of the petitions (*see* Social Services Law § 384-b [5] [a]; *Matter of Female F.*, 40 AD3d 993 [2007]; *Matter of Saquan L.E.*, 19 AD3d 418 [2005]; *Matter of I.R.*, 153 AD2d 559 [1989]). In opposition, the mother failed to satisfy her burden of proving that she suffered from a severe hardship that so permeated her life that attempts at communication were not feasible (*see Matter of Elizabeth Susanna R.*, 11 AD3d 619 [2004]).

Contrary to the mother's contention, the Family Court acted

within its discretion in terminating her parental rights without first conducting a dispositional hearing (*see Matter of Miguel K.,* 1 AD3d 438 [2003]; *Matter of Tashara B.,* 299 AD2d 356 [2002]). Santucci, J.P., Krausman, Florio and Lifson, JJ., concur.