■ In the Matter of BEAUTY B., an Infant. SUFFOLK COUNTY CHILD PROTECTIVE SERVICES, Respondent; RONALD B., Appellant. (Proceeding No. 1.) In the Matter of KELRON B., an Infant. SUFFOLK COUNTY CHILD PROTECTIVE SERVICES, Respondent; RONALD B., Appellant. (Proceeding No. 2.) In the Matter of LERON B., an Infant. SUFFOLK COUNTY CHILD PROTECTIVE SERVICES, Respondent; RONALD B., Appellant. (Proceeding No. 3.) In the Matter of TRE'RON B., an Infant. SUFFOLK COUNTY CHILD PROTECTIVE SERVICES, Respondent; RONALD B., Appellant. (Proceeding No. 4.) [862 NYS2d 579]—

In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from an order of fact-finding and dis-

position of the Family Court, Suffolk County (Sweeney, J.), dated September 28, 2007, which, after a fact-finding hearing, and upon a decision of the same court dated September 10, 2007, found that the father abandoned the subject children, terminated his parental rights on the ground of abandonment, and transferred custody and guardianship of the children to the Suffolk County Department of Social Services for the purposes of adoption.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the order of fact-finding and disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly found, upon clear and convincing evidence, that the father abandoned the subject children for the six-month period immediately prior to the filing of the petitions (*see* Social Services Law § 384-b [4] [b]; *Matter of Female F.*, 40 AD3d 993, 993-994 [2007]). While the father, who was incarcerated during that period, testified that he was discouraged or prevented from communicating with the children, the Family Court did not credit that testimony, and we find no reason to disturb that determination (*see Matter of Orange County Dept. of Social Servs. [Diane A.]*, 203 AD2d 367 [1994]; *cf. Matter of Annette B.*, 4 NY3d 509, 514 [2005]).

The father's remaining contention is without merit. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.