■ In the Matter of DALLAS KEITH M. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVONN P., Appellant. [865 NYS2d 623]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Dutchess County (Forman, J.), dated July 9, 2007, which, after a hearing, terminated his parental rights on the ground of abandonment and committed the guardianship and custody of his son to the Dutchess County Department of Social Services for the purposes of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Following a hearing, the Family Court found, by clear and convincing evidence, that the father failed to visit or communicate with the child and failed to communicate with the Dutchess County Department of Social Services (hereinafter the DSS) for a period of six months immediately preceding the filing of the petition. Accordingly, the Family Court held that the father abandoned the child and terminated his parental rights. We affirm.

The evidence adduced at the hearing established, by clear and convincing evidence, that the father abandoned his child during the six-month period prior to the filing of the petition (*see* Social

Services Law § 384-b [4] [b]; *Matter of Sabina Jessica S.*, 32 AD3d 857, 858 [2006]; *Matter of Saquan L.E.*, 19 AD3d 418, 419 [2005]; *Matter of Orange County Dept. of Social Servs. [Diane A.]*, 203 AD2d 367 [1994]). The father did not attempt to contact or visit the child from August 2005 to January 2007 and the father's last contact with the DSS was in August 2005. Moreover, the father failed to adduce evidence sufficient to establish that his failure to contact either the child or the DSS was a result of circumstances which made it impossible for him to do so (*see Matter of Alexander V.*, 179 AD2d 913 [1992]; *Matter of Catholic Child Care Socy. of Diocese of Brooklyn*, 112 AD2d 1039 [1985]).

The father's remaining contentions are without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.