■ In the Matter of ROBERT A.G. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHLEEN G., Appellant. [879 NYS2d 496]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the mother appeals from an order of fact-finding and disposition of the Family Court, Nassau County (Dane, J.), dated January 31, 2008, which, after a hearing, terminated her parental rights on the ground of abandonment and transferred custody and guardianship of the subject child to the Nassau County Department of Social Services for the purposes of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the mother abandoned her son during the six-month period immediately prior to the filing of the petition (*see* Social Services Law § 384-b [4] [b]; *Matter of Dallas Keith M.*, 55 AD3d 612 [2008]; *Matter of Jamar Terry N.*, 46 AD3d 563 [2007]; *Matter of Female F.*, 40 AD3d 993, 993-994 [2007]). The mother's contact with her son was insufficient to defeat the presumption of abandonment (*see Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]; *Matter of Miguel K.*, 1 AD3d 438, 439 [2003]; *Matter of Kerry J.*, 288 AD2d 221 [2001]; *Matter of Ronald D.*, 282 AD2d 533 [2001]). Moreover, the mother failed to satisfy her burden of proving that she suffered from a severe hardship that so permeated her life that attempts at communication were not feasible (*see Matter of Jamar Terry N.*, 46 AD3d at 563; *Matter of Elizabeth Susanna R.*, 11 AD3d 619, 620 [2004]).

Contrary to the mother's contention, under the circumstances the Family Court providently exercised its discretion in terminating her parental rights without first conducting a dispositional hearing (*see Matter of Miguel K.*, 1 AD3d at 439; *Matter of Tashara B.*, 299 AD2d 356 [2002]).

The mother's remaining contention is without merit. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.