690

In the Matter of KAHEEM JAMAL T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; ANTHONY MICHAEL T., Appellant. (Appeal No. 1.) In the Matter of KEONNA TRE'LISA T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; ANTHONY MICHAEL T., Appellant. (Appeal No. 2.) In the Matter of KAMYA ALYSSE T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; ANTHONY MICHAEL T., Appellant. (Appeal No. 3.) [885 NYS2d 634]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Richroath, J.), one as to each child, each dated September 2, 2008, which, after a fact-finding hearing, and upon a decision of the same court dated March 18, 2008, found that the father had abandoned the subject children, terminated his parental rights on the ground of abandonment, and transferred custody and guardianship of the subject children jointly to the petitioners for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The evidence established that the father abandoned the subject children during the six-month period immediately preceding the filing of the petitions to terminate parental rights (*see* Social Services Law § 384-b; *Matter of Julius P.,* 63 NY2d 477, 481 [1984]; *Matter of Female F.,* 40 AD3d 993 [2007]; *Matter of Andrew R.,* 21 AD3d 378 [2005]; *Matter of Saquan L.E.,* 19 AD3d 418 [2005]). The father's incarceration did not relieve him of the responsibility to maintain contact or communicate with the children or the service agency (*see Matter of Female F.,* 40 AD3d at 994; *Matter of Beauty B.,* 54 AD3d 330 [2008]; *Matter of Adonis Earl S.,* 14 AD3d 614 [2005]; *Matter of Ronald D.,* 282 AD2d 533 [2001]). The father's one contact with the children cannot vitiate a finding of abandonment (*see Matter of Ronald D.,* 282 AD2d 533 [2001]). Contrary to the father's contention, there was no evidence that the petitioner Administration for Children's Services prevented or discouraged his contact with the subject children (*see Matter of Beauty B.,* 54 AD3d at 330; *Matter of Elizabeth Susanna R.,* 11 AD3d 619 [2004]; *Matter of Derrick J.,* 287 AD2d 503 [2001]). The finding that the father abandoned the subject children was, thus, supported by clear and convincing evidence and should not be disturbed. Dillon, J.P., Eng, Belen and Hall, JJ., concur.