■ In the Matter of DONNA E.J. CHILDREN's AID SOCIETY et al., Respondents; FATIMA J., Appellant. (Proceeding No. 1.) In the Matter of LAMO A.E. CHILDREN's AID SOCIETY et al., Respondents; FATIMA J., Appellant. (Proceeding No. 2.) [945 NYS2d 573]—

In two related proceedings to terminate parental rights pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Lim, J.), both dated April 18, 2011, which, after a fact-finding hearing, found that she abandoned the children, terminated her parental rights, and transferred custody and guardianship of the children to the Commissioner of Social Services of the City of New York and the petitioner Children's Aid Society for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The petitioner Children's Aid Society established by clear and convincing evidence that the mother abandoned the subject children by failing to visit or communicate with the children or the petitioning agency during the six-month period immediately prior to the date on which the petition was filed (*see* Social Services Law § 384-b [5] [a]). Moreover, the mother failed to show good reason for not contacting the children or the custodial agency during the subject period (*see Matter of St. Christopher-Ottilie v Awilda C.*, 220 AD2d 514 [1995]), as she did not demonstrate that the lack of contact "was a result of circumstances which made her unable to visit and communicate with the child or agency" (*Matter of Catholic Child Care Socy. of Diocese of Brooklyn*, 112 AD2d 1039, 1040 [1985]), or that she was discouraged from making such contact by the agency (*see Matter of Anthony M.*, 195 AD2d 315 [1993]).

Contrary to the mother's contention, under the circumstances, the Family Court providently exercised its discretion in terminating her parental rights without first conducting a dispositional hearing (*see Matter of Antoinne T. [April T.]*, 83 AD3d 721, 722 [2011]; *Matter of Robert A.G.*, 62 AD3d 701 [2009]; *Matter of Miguel K.*, 1 AD3d 438 [2003]). Accordingly, the Family Court properly terminated the mother's parental rights with respect to the subject children and transferred the custody and guardianship of the subject children to the Com-

missioner of the Administration for Children's Services of the City of New York and the petitioner Children's Aid Society for the purpose of adoption. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.