■ In the Matter of JERRALYNN R. MC., an Infant. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SCOTT MC., Appellant. [980 NYS2d 524]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Dutchess County (Watson, J.), dated August 10, 2012, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the petition, and (2) from an order of disposition of the same court dated August 23, 2012, which, after a hearing, found that he had abandoned the subject child, terminated his parental rights on the ground of abandonment, and transferred custody and guardianship of the subject child to the petitioner.

Ordered that the appeal from the order dated August 10, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition dated August 23, 2012, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because it is not appealable as of right (*see* Family Ct Act § 1112) and, in any event, the right of direct appeal therefrom terminated with the entry of the order of disposition (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the order of disposition (*see* CPLR 5501 [a] [1]; Family Ct Act § 1118; *Matter of Anna Coral DeL.*, 50 AD3d 792 [2008]).

The Family Court properly denied the father's motion pursuant to CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action. Liberally construing the petition, and giving it the benefit of every possible favorable inference, the petition adequately alleged that the father had abandoned the subject child (*see* Family Ct Act § 165 [a]; Social Services Law § 384-b [5] [a]; *Matter of Clark v Ormiston*, 101 AD3d 870 [2012]).

The evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the father abandoned the subject child during the six-month period before the filing of the petition (*see* Social Services Law § 384-b [4] [b]; *Matter of Female F.*, 40 AD3d 993, 993-994 [2007]; *Matter of Saquan L.E.*, 19 AD3d 418, 419 [2005]). The father's incarceration did not relieve him of his responsibility to maintain contact or communicate with the subject child or agency (*see Matter of Female F.*, 40 AD3d at 994; *Matter of Jahmir Domevlo J.*, 8 AD3d 280, 281 [2004]; *Matter of Tashara B.*, 299 AD2d 356, 357 [2002]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.