In the Matter of TAMAR T.W., Also Known as TAMAR W. MERCYFIRST et al., Respondents; TEMORERIE T.W., Also Known as TEMOREERIE W. and Another, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of TA'LAYSIA T.W., Also Known as TALAYSIA W. and Another. MERCYFIRST et al., Respondents; TEMORERIE T.W., Also Known as TEMOREERIE W. and Another, Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TELEAH T.T.J., Also Known as TELEAH J. and Another. MERCYFIRST et al., Respondents; TEMORERIE T.W., Also Known as TEMOREERIE W. and Another, Appellant, et al., Respondent. (Proceeding No. 3.) [51 NYS3d 610]—

Appeals by the mother from three orders of fact-finding and disposition of the Family Court, Kings County (Lilian Wan, J.) (one as to each child), each dated August 17, 2015. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother abandoned the subject children, terminated her parental rights, and transferred guardianship and custody of the children to Mercyfirst and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

In 2014, the petitioners commenced these proceedings to terminate the mother's parental rights to the subject children. After fact-finding and dispositional hearings, the Family Court found that the mother abandoned her children, terminated her parental rights, and transferred guardianship and custody of the children to Mercyfirst and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

An order terminating parental rights may be granted where the petitioner has established, by clear and convincing evidence, that the parent abandoned the child for the six-month period before the petition was filed (*see* Social Services Law

§ 384-b [3] [g] [i]; [4] [b]; *Matter of Annette B.*, 4 NY3d 509, 513 [2005]; *Matter of Peteress Reighly B.*, 62 AD3d 695, 696 [2009]). An intent to abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (*Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *see Matter of Jeremiah Kwimea T.*, 10 AD3d 691 [2004]). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child (*see Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]; *Matter of Julius P.*, 63 NY2d at 481; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970, 971 [2010]).

The petitioner Mercyfirst established, by clear and convincing evidence, that the mother abandoned the subject children during the six-month period before the filing of the petition (*see* Social Services Law § 384-b [4] [b]; *Matter of Female F.*, 40 AD3d 993, 993-994 [2007]; *Matter of Saquan L.E.*, 19 AD3d 418, 419 [2005]). The mother's incarceration did not relieve her of her responsibility to maintain contact or communicate with the children or the agency (*see Matter of Female F.*, 40 AD3d at 994; *Matter of Jahmir Domevlo J.*, 8 AD3d 280 [2004]; *Matter of Tashara B.*, 299 AD2d 356 [2002]).

The mother's remaining contention is without merit. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.