Matter of Beatrice A. (Selina A.) (2018 NY Slip Op 01180)





Matter of Beatrice A. (Selina A.)


2018 NY Slip Op 01180


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-01770
 (Docket No. B-8247-14)

[*1]In the Matter of Beatrice A. (Anonymous), also known as Beatrice J. (Anonymous), also known as Beatrice S. (Anonymous). SCO Family of Services, respondent; Selina A. (Anonymous), appellant.


Mark Diamond, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
Appeal by the mother from an order of fact-finding and disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated January 12, 2017. The order, insofar as appealed from, after a hearing, found that the mother abandoned the subject child, terminated her parental rights, and transferred guardianship and custody of the child to SCO Family of Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner, SCO Family of Services, commenced this proceeding to terminate the mother's parental rights to the subject child. After a hearing, the Family Court found that the mother abandoned the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
An order terminating parental rights may be granted where the petitioner has established, by clear and convincing evidence, that the parent abandoned the child for the six-month period before the petition was filed (see Social Services Law § 384-b[3][g][i]; [4][b]; Matter of Annette B., 4 NY3d 509, 513; Matter of Tamar T.W. [Temorerie T.W.], 149 AD3d 852, 852). An intent to abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Julius P., 63 NY2d 477, 481; see Matter of Jeremiah Kwimea T., 10 AD3d 691, 691). The burden rests on the parent to maintain contact, and the agency need not show diligent [*2]efforts to encourage the parent to visit or communicate with the child (see Matter of Gabrielle HH., 1 NY3d 549, 550; Matter of Julius P., 63 NY2d at 481; Matter of Tamar T.W. [Temorerie T.W.], 149 AD3d at 853).
Here, the petitioner established, by clear and convincing evidence, that the mother abandoned the child during the six-month period before the filing of the petition (see Social Services Law § 384-b[4][b]; Matter of Tamar T.W. [Temorerie T.W.], 149 AD3d at 853; Matter of Female F., 40 AD3d 993, 993-994). The mother's incarceration did not relieve her of her responsibility to maintain contact or communicate with the child or the agency (see Matter of Tamar T.W. [Temorerie T.W.], 149 AD3d at 853; Matter of Female F., 40 AD3d at 994; Matter of Jahmir Domevlo J., 8 AD3d 280, 281).
The mother's remaining contention is without merit.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court