Matter of J.F. (Yves A.) (2018 NY Slip Op 01308)





Matter of J.F. (Yves A.)


2018 NY Slip Op 01308


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-01468
 (Docket Nos. B-1259-16, B-1260-16, B-1261-16, B-1262-16)

[*1]In the Matter of J.F. (Anonymous). Rockland County Department of Social Services, petitioner-respondent; Yves A. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of T.F. (Anonymous). Rockland County Department of Social Services, petitioner-respondent; Yves A. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)


Arleen Lewis, Blauvelt, NY, for respondent-appellant.
Thomas E. Humbach, County Attorney, Pomona, NY (Radhika Nagubandi of counsel), for petitioner-respondent.
Risa K. Kass, Tarrytown, NY, attorney for the child J. F.
Christopher Widholm, New City, NY, attorney for the child T. F.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated December 14, 2016. The order, insofar as appealed from, after a hearing, found that the mother abandoned the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the Rockland County Department of Social Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
These proceedings were commenced to, inter alia, terminate the mother's parental rights. After a hearing, the Family Court issued an order of fact-finding and disposition, finding that the mother abandoned the subject children, terminating her parental rights, and transferring custody and guardianship of the children to the Rockland County Department of Social Services for the purpose of adoption. The mother appeals.
The evidence adduced at the hearing established, by clear and convincing evidence, that the mother abandoned the subject children because she did not have contact with the children or the petitioner agency during the six-month period immediately prior to the filing of the petitions (see Social Services Law § 384-b[4][b]; Matter of Victoria S.N. [Porsha N.], 135 AD3d 765, 766; Matter of Keymani R.J. [Shakima J.], 95 AD3d 1213, 1213; Matter of Amaru M. [Kizwana M.], 87 AD3d 1069, 1069; Matter of Robert A.G., 62 AD3d 701; Matter of Dallas Keith M., 55 AD3d 612; Matter of Jamar Terry N., 46 AD3d 563). Moreover, the mother failed to satisfy her burden of proving that the petitioner agency prevented or discouraged her from communicating with the children or the agency, or that a severe hardship prevented her from communicating with the children (see Matter of Keymani R.J. [Shakima J.], 95 AD3d at 1213; Matter of Robert A.G., 62 AD3d at 701; Matter of Jamar Terry N., 46 AD3d at 563; Matter of Elizabeth Susanna R., 11 AD3d 619, 620-621).
The mother's remaining contention is without merit.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court