Matter of Keith B. (Sharrone S.) (2020 NY Slip Op 00855)





Matter of Keith B. (Sharrone S.)


2020 NY Slip Op 00855


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-11705 
2018-11706
 (Docket Nos. B-657-16, B-658-16)

[*1]In the Matter of Keith B. (Anonymous). Children's Aid Society, respondent; Sharrone S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Keith R. (Anonymous), Jr. Children's Aid Society, respondent; Sharrone S. (Anonymous), appellant. (Proceeding No. 2.)


Amy J. Barrett, New York, NY, for appellant.
Ross Steinhagen Mendel PLLC, New York, NY (Melissa Wagshul of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the legal father appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.) (one as to each child), both dated August 13, 2018. The orders, insofar as appealed from, after a fact-finding hearing, found that the legal father abandoned the subject children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
In these proceedings, the Family Court found that the consent of the purported biological father of one of the children to the adoption of the children was not required. However, the court further found that the appellant, as the legal father of the subject children, had parental rights, and terminated his rights on the ground of abandonment (see Social Services Law § 384-b[4][b]).
The Family Court's finding that the appellant abandoned the children is supported [*2]by clear and convincing evidence that the appellant failed to visit or communicate with the children or the petitioner for a period of six months immediately preceding the date on which the petitions were filed, even though able to do so and not prevented or discouraged from doing so by the petitioner (see Social Services Law § 384-b[4][b]; [5][a]). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the children (see Matter of Gabrielle HH., 1 NY3d 549, 550; Matter of Xtacys Nayarie M. [Jose Ruben M.], 74 AD3d 970, 971). The appellant failed to establish that he was unable to contact either the children or the petitioner during the relevant period (see Matter of Andrew R., 21 AD3d 378).
"A dispositional hearing is not statutorily mandated in an abandonment proceeding" (Matter of Joshua Wilson A., 36 AD3d 559, 559), and the determination to hold a dispositional hearing is within the discretion of the Family Court (see Matter of Jamar Terry N., 46 AD3d 563, 563-564; Matter of Miguel K. [Andre K.], 1 AD3d 438, 439; Matter of Tashara B., 299 AD2d 356). Here, the Family Court providently exercised its discretion in terminating the appellant's parental rights based upon abandonment (see Matter of Morgan A.H. [Ta-Mirra J.H.], 172 AD3d 861, 862) without conducting a separate dispositional hearing (see Matter of Mekhi Kahalil G. [Ainsley M.J.], 99 AD3d 1003, 1004-1005; Matter of Antoinne T. [April T.], 83 AD3d 721, 722).
The appellant's remaining contentions are either without merit or not properly before this Court.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court