Matter of Dion J.L. (Danac L.) (2020 NY Slip Op 02788)





Matter of Dion J.L. (Danac L.)


2020 NY Slip Op 02788


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-00944
 (Docket No. B-5064-18)

[*1]In the Matter of Dion J.L. (Anonymous). Suffolk County Department of Social Services, respondent; Danac L. (Anonymous), appellant.


Janessa M. Trotto, Bohemia, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Mary Ann Filosa of counsel), for respondent.
Jeanne R. Burton, Central Islip, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of disposition of the Family Court, Suffolk County (Caren Loguercio, J.), dated January 11, 2019. The order of disposition, upon an order of fact-finding of the same court dated August 14, 2018, made after a fact-finding hearing, determined that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In April 2018, the petitioner, Suffolk County Department of Social Services (hereinafter the petitioner), commenced this proceeding to terminate the father's parental rights to the subject child. After a fact-finding hearing, the Family Court determined that the father had abandoned the child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The father appeals.
An order terminating parental rights may be granted where the petitioner has established, by clear and convincing evidence, that the parent abandoned the child for the six-month period before the petition was filed (see Social Services Law § 384-b[3][g][i]; [4][b]; see also Matter of Darrell J.D.J. [Kenneth R.], 156 AD3d 788, 789). An intent to abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Julius P., 63 NY2d 477, 481; Matter of Honesty M.M.M. [Taikeem L.W.], 165 AD3d 1260, 1261 [internal quotation marks omitted]). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit the child or to communicate with the child or the agency (see Matter of Keith B. [Sharrone S.], 180 AD3d 670, 670; Matter of Tamar T.W. [Temorerie T.W.], 149 AD3d 852, 853). An abandonment petition is not defeated by a mere showing of sporadic and insubstantial contacts where clear and convincing evidence otherwise supports granting the petition (see Matter of Morgan A.H. [Ta-Mirra J.H.], 172 AD3d 861, 862; Matter of Honesty [*2]M.M.M. [Taikeem L.W.], 165 AD3d at 1261).
Here, contrary to the father's contention, the petitioner established, by clear and convincing evidence, that the father abandoned the subject child during the six-month period immediately preceding the filing of the petition (see Social Services Law § 384-b[4][b]). The testimony of the petitioner's caseworker, which the Family Court credited, established that during the relevant time period the father had only sporadic and insubstantial contacts with the child, and that the petitioner did not prevent or discourage the father from contacting the petitioner to inquire about the child. The record evidence also demonstrated that the mother identified the father as the child's biological father soon after the child's birth and that the father did not consistently dispute paternity such that paternity needed to be established before a finding of abandonment could be made (cf. Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10, 16).
Accordingly, we agree with the Family Court's order determining that the father abandoned the child, terminating the father's parental rights, and transferring guardianship and custody of the child to the petitioner for the purpose of adoption.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER: Aprilanne Agostino
Clerk of the Court