Matter of King-Osiris A. T. (Isis S.) (2024 NY Slip Op 00909)

Matter of King-Osiris A. T. (Isis S.)

2024 NY Slip Op 00909

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-01085
 (Docket No. B-6289-21)

[*1]In the Matter of King-Osiris A. T. (Anonymous). Westchester County Department of Social Services, respondent; 
and
Isis S. (Anonymous), appellant. Del Atwell, East Hampton, NY, for appellant.

John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
Gregory Salant, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated December 29, 2022. The order of fact-finding and disposition, after a fact-finding hearing, found that the mother abandoned the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In August 2021, the petitioner, Westchester County Department of Social Services (hereinafter DSS), commenced this proceeding to terminate the mother's parental rights to the subject child on the ground of abandonment. After a fact-finding hearing, the Family Court determined that the mother had abandoned the child, terminated her parental rights, and transferred guardianship and custody of the child to DSS for the purpose of adoption. The mother appeals.
In order to establish that the mother abandoned the child, DSS was required to demonstrate by clear and convincing evidence that during the six months prior to the filing of the petition, the mother evinced an intent to forego her parental rights, as manifested by her failure to visit the child and communicate with him or DSS, although able to do so and not prevented or discouraged by DSS from doing so (see Social Services Law § 384-b[3][g][i]; [4][b]; [5][a]; Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728; Matter of Dion J.L. [Danac L.], 183 AD3d 736, 737). The burden was on the mother to maintain contact, and DSS was not required to show diligent efforts to encourage the mother to visit the child or to communicate with the child or DSS (see Matter of Abel J.R. [Michael S.], 207 AD3d at 728; Matter of Dion J.L. [Danac L.], 183 AD3d at 737). A mere showing of sporadic and insubstantial contacts is insufficient to overcome a demonstration of abandonment (see Matter of Abel J.R. [Michael S.], 207 AD3d at 728; Matter of Dion J.L. [Danac L.], 183 AD3d at 737).
Here, contrary to the mother's contention, there was clear and convincing evidence presented at the hearing that she abandoned the child. In particular, DSS demonstrated that during the six-month period prior to the filing of the petition, the mother failed to visit the child and communicate with the child or DSS, although able to do so and not prevented or discouraged by DSS from doing so (see Matter of Abel J.R. [Michael S.], 207 AD3d at 728; Matter of Myla-Ray L. [Ryan L.], 195 AD3d 1024, 1025; Matter of Dion J.L. [Danac L.], 183 AD3d at 737). Although the mother offered some testimony to the contrary, the Family Court found the mother's testimony wholly incredible, and we decline to disturb the court's determination in that regard (see Matter of Female F., 40 AD3d 993, 994).
Upon a finding of abandonment pursuant to Social Services Law § 384-b, the Family Court is not required to hold a dispositional hearing (see Matter of Keith B. [Sharrone S.], 180 AD3d 670, 671). Rather, the determination of whether to hold a dispositional hearing is within the court's discretion (see id. at 671). Here, the court providently exercised its discretion in terminating the mother's parental rights without conducting a separate dispositional hearing (see id.; Matter of Mekhi Kahalil G. [Ainsley M.J.], 99 AD3d 1003, 1004). Moreover, contrary to the mother's contention, a suspended judgment is not a permissible disposition after a finding of abandonment (see Matter of Dayyan J.L. [Dayyan L.], 145 AD3d 1007, 1008; Matter of Tyshawn S. [Shana S.], 143 AD3d 990, 992).
The mother's remaining contentions are unpreserved for appellate review, not properly before the Court on this appeal, or without merit.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court