Matter of Brooke S. M. (Carletta M.) (2025 NY Slip Op 00221)

Matter of Brooke S. M. (Carletta M.)

2025 NY Slip Op 00221

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-12429 
2023-12434
2023-12435
 (Docket Nos. B-491-21, B-492-21, B-493-21)

[*1]In the Matter of Brooke S. M. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Carletta M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Olivia D. M. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Carletta M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Yvette R. M. (Anonymous). HeartShare St. Vincent's Services, petitioner-respondent; Carletta M. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Robin Stone Einbinder, Flushing, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew T. Ford of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.) (one as to each child), all dated November 27, 2023. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother abandoned and permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
In January 2021, the petitioner commenced these proceedings pursuant to Social [*2]Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject children on the grounds of abandonment and permanent neglect. Following fact-finding and dispositional hearings, the Family Court, among other things, found that the mother abandoned and permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
To establish that the mother abandoned the children, the petitioner was required to demonstrate by clear and convincing evidence that during the six months prior to the filing of the petitions, the mother evinced an intent to forego her parental rights, as manifested by her failure to visit the children and communicate with them or the petitioner, although able to do so and not prevented or discouraged by the petitioner from doing so (see id. § 384-b[4][b]; [5][a]; Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728; Matter of Dion J.L. [Danac L.], 183 AD3d 736, 737). "The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit the child[ren] or to communicate with the child[ren] or the agency" (Matter of Dion J.L. [Danac L.], 183 AD3d at 737). A mere showing of sporadic and insubstantial contacts is insufficient to overcome a demonstration of abandonment (see Matter of Abel J.R. [Michael S.], 207 AD3d at 728; Matter of Dion J.L. [Danac L.], 183 AD3d at 737).
Contrary to the mother's contention, the Family Court correctly determined that the petitioner demonstrated by clear and convincing evidence that she abandoned the children. The evidence adduced at the fact-finding hearing reflected that the mother's contacts with the children and the petitioner during the relevant six-month period were minimal, sporadic, and insubstantial, and, therefore, insufficient to overcome a demonstration of abandonment (see Matter of King-Osiris A.T. [Isis S.], 224 AD3d 839, 840; Matter of Abel J.R. [Michael S.], 207 AD3d at 728).
Further, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the children. Contrary to the mother's contention, the record demonstrates that the petitioner made diligent efforts to strengthen the mother's parental relationship with the children by developing an appropriate service plan for the mother, attempting to schedule parental access, and providing referrals to the mother for required programs and treatment (see Matter of Remi-Radell J.C.-G. [Shamica M.C.], 226 AD3d 772, 773). The record further demonstrates that despite these efforts, the mother failed to maintain contact with the children or the petitioner, failed to plan for the children or acknowledge their placement in foster care, and failed to comply with her service plan (see Social Services Law § 384-b[7][a]; Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 681).
Accordingly, we affirm the orders of fact-finding and disposition insofar as appealed from.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court