In the Matter of CHRISTIE A.M. and Another, Children Alleged to be Abandoned. HERBERT M., Appellant; THE CHILDREN'S AID SOCIETY, Respondent. [869 NYS2d 35]—

With respect to the male child, the finding of abandonment is supported by clear and convincing, indeed undisputed, evidence that during the six-month period immediately preceding the filing of the petition, respondent, who at all relevant times has been serving a lengthy prison sentence, had no contact whatsoever with that child. With respect to the female child, while there was conflicting testimony as to when and how often respondent telephoned her, Family Court, crediting portions of the testimony of both respondent and the first foster parent, found that respondent telephoned at most once or twice a week during the first five or six weeks of the abandonment period, for a total of 5 to 10 calls, after which the first foster parent, respondent's aunt, and then her successor, the aunt's daughter, stopped accepting respondent's collect calls from prison, and that respondent had no further contact with either the child or the agency during the abandonment period. Even if, contrary to

Family Court's finding, we were to accept respondent's assertion that, unable to make telephone contact with the child, he wrote several letters to her, any such letter-writing, considered along with the 5 or 10 phone calls, constituted contact too sporadic and insubstantial to avoid the presumption of abandonment (*see Matter of Kerry J.*, 288 AD2d 221, 221-222 [2001]). Such letter-writing, however, does undermine respondent's claim that he was unable to contact the child after the foster parents began refusing his collect phone calls (*see Matter of Anthony M.*, 195 AD2d 315, 315-316 [1993]).

We have considered respondent's other contentions and find them unavailing. Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.