■ In the Matter of ANIYA P., a Child Alleged to be Abandoned. IMANI B., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [889 NYS2d 138]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about February 21, 2008, which terminated respondent mother's parental rights to her daughter on grounds of abandonment, and awarded custody and guardianship of the child to the New York City Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Pursuant to Social Services Law § 384-b (5) (a), a finding of abandonment is required if, in the six-month period preceding the filing of the guardianship proceeding, the "parent evinces an intent to forgo his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency. In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed." This makes it the parent's duty to maintain contact with her child (see *Matter of Gabrielle HH.*, 1 NY3d 549 [2003]).

Because the intent of the parent is the focus of the inquiry, minimal contact during the abandonment period will not defeat a finding of abandonment unless such contact is so meaningful as to be "construed as an expression of interest in preserving parental rights" (*Matter of Crawford*, 153 AD2d 108, 110 [1990]). Contrary to respondent's assertion, findings of abandonment have been upheld where the contact between the parent and the child or the agency during the relevant time period was "too minimal" to evince an intent to preserve parental rights (*Matter of Female W.*, 271 AD2d 210 [2000]; see also *Matter of "Male" M.*, 18 AD3d 215 [2005]).

The record established that respondent intended to forgo her parental rights as to her daughter by failing to have any meaningful contact with the child or the agency during the period from April 2 to October 2, 2006. The caseworker testified that during this period, respondent had no contact with the agency, nor did she send any cards, gifts or letters to the agency for her daughter. Nor did she financially support her daughter. Respondent admitted that she met with the case supervisor at the agency within the first few weeks of her daughter's placement, yet had no further contact with the agency until 2007. Meanwhile, the foster mother never discouraged respondent's contact with her daughter, either in person or by telephone.

Respondent's lack of interest in her daughter was not limited to the abandonment period, but was evident throughout her daughter's life. While a parent's conduct outside the abandonment period is not determinative in an abandonment proceeding, it may be relevant to assessing parental intent (*see Matter of Annette B.*, 4 NY3d 509, 514-515 [2005]). Clear and convincing evidence established that respondent abandoned her daughter (*see Matter of Christie A.M.*, 57 AD3d 225 [2008]; *cf. Matter of Medina Amor S.*, 50 AD3d 8 [2008], *lv denied* 10 NY3d 709 [2008]).

Respondent's remaining arguments are unavailing. Concur— Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.