Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 10, 2013, which terminated respondent father’s parental rights to the subject child after a fact-finding determination of abandonment, and committed the child’s custody and guardianship to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
Petitioner established by clear and convincing evidence that respondent abandoned his daughter, within the meaning of Social Services Law § 384-b (5) (a). Respondent admitted that, during the statutorily relevant period, he did not attempt to *544 contact his daughter or the agency (see Matter of Christie A.M., 57 AD3d 225, 226 [1st Dept 2008]). Respondent’s incarceration does not excuse him from establishing and maintaining contact with his daughter, because he failed to show that contact with the child was not feasible (see Matter of Alicia M., 22 AD3d 384, 385 [1st Dept 2005]).
Contrary to respondent’s contention, the agency was not required to prove diligent efforts, because it proceeded on the ground of abandonment (see Matter of Bibianamiet L.-M. [Miledy L.N.], 71 AD3d 402, 403 [1st Dept 2010]). Moreover, the Family Court providently exercised its discretion in denying respondent’s request for a dispositional hearing after the finding of abandonment (see Matter of Keyevon Justice P. [Lativia Denice P], 90 AD3d 477 [1st Dept 2011]).
Respondent failed to sustain his burden of demonstrating that he was denied meaningful representation and that the deficient representation resulted in actual prejudice (see Matter of Michael C., 82 AD3d 1651, 1652 [4th Dept 2011], lv denied 17 NY3d 704 [2011]). Given respondent’s admission that he had no contact with the subject child or the agency during the relevant time period, he could not have been prejudiced by any failing on the part of his trial counsel (see Matter of Cassandra Tammy S. [Babbah S.], 89 AD3d 540, 541 [1st Dept 2011]).
The court properly determined that the termination of respondent’s parental rights to allow for adoption was in the best interests of the child.
Concur — Mazzarelli, J.E, Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ.