Lynch, J.
 

 Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 25, 2016, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned by respondent, and terminated respondent’s parental rights.
 

 In July 2015, Mason H. (born in 2012) was temporarily removed from the home of his mother and her then boyfriend and placed with the boyfriend’s aunt on consent. Upon a finding of neglect against the mother in October 2015, the child’s placement with the aunt was continued. Respondent, the child’s biological father who remained incarcerated at all times relevant to this appeal, appeared during the neglect proceedings. On May 4, 2016, petitioner commenced this proceeding alleging that respondent had abandoned the child. After a fact-finding hearing, at which respondent appeared but did not testify or otherwise present any proof, Family Court adjudicated the child to be abandoned and terminated respondent’s parental rights. This appeal by respondent ensued.
 

 Respondent’s sole contention on appeal is that petitioner failed to meet its statutory burden of proof that he had abandoned the child. To establish an abandonment, petitioner was required to show by clear and convincing evidence that, for the six months immediately preceding the commencement of the proceeding, respondent failed to visit the child or communicate with the child or the petitioning agency (see Social Services Law § 384-b [5] [a]; Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1050 [2014], lv denied 23 NY3d 901 [2014]; Matter of Jazmyne OO. [Maurice OO.], 111 AD3d 1085, 1086 [2013]). Notwithstanding his continued incarceration, respondent’s ability to maintain such contact is presumed (see Matter of Colby II. [Chalmers JJ.], 140 AD3d 1484, 1485-1486 [2016]; Matter of Carter A. [Jason A.], 111 AD3d 1181, 1182 [2013], lv denied 22 NY3d 862 [2014]; Matter of Ryan Q. [Eric Q.], 90 AD3d 1263, 1264 [2011], lv denied 18 NY3d 809 [2012]). Respondent maintains that petitioner’s sole witness, the foster care caseworker, only addressed his failure to communicate with petitioner, but not whether he had any direct contact with the child. We disagree. The record shows that the caseworker affirmatively testified that respondent did not visit or request to visit with the child during the relevant six-month time frame. She further testified that respondent did not communicate with her in any fashion, and that petitioner in no way prevented or discouraged him from doing so. Family Court duly noted that respondent failed to testify and was entitled to draw the strongest possible inference against him warranted by the proof submitted (see Matter of Kapreece SS. [Latasha SS.], 128 AD3d 1114, 1115 [2015], lv denied 26 NY3d 903 [2015]; Matter of Lamar LL. [Loreal MM.], 86 AD3d 680, 681 [2011], lv denied 17 NY3d 712 [2011]). On this record, we conclude that Family Court properly determined that respondent abandoned the child.
 

 Egan Jr., J.P., Rose and Mulvey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.