Appeal from an order of fact-finding and disposition of the Family Court, Dutchess County (Denise M. Watson, J.), dated April 15, 2016. The order, after a fact-finding hearing, found that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the Dutchess County Department of Community and Family Services for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
 

 On August 8, 2013, the mother gave birth to the subject child. Darrell H.J. (hereinafter Darrell) was listed as the father on the child’s birth certificate. On or about December 1, 2014, the child came into the care of the Dutchess County Department of Community and Family Services (hereinafter the agency) after a neglect petition was filed against the mother. The mother died on December 24, 2014. After she died, it was determined that Darrell was not the biological father of the child.
 

 In March 2015, Kenneth R. (hereinafter the father) filed a petition seeking to be declared the father of the child. On April 9, 2015, he obtained the results of a DNAtest, which confirmed that he was the biological father of the child. On May 14, 2015, an order of filiation was entered, declaring that the father is the child’s father.
 

 On September 18, 2015, the agency filed a petition against the father pursuant to Social Services Law § 384-b alleging that he had abandoned the child, and seeking to terminate his parental rights and to commit guardianship and custody of the child to the agency. After a fact-finding hearing, the Family Court found that the agency had established by clear and convincing evidence that the father had abandoned the child for a period in excess of six months prior to the filing of the petition, terminated his parental rights, and transferred guardianship and custody of the child to the agency for the purpose of adoption. The father appeals.
 

 An order terminating parental rights may be granted where the parent “abandoned [the] child for the period of six months immediately prior to the date on which the petition is filed in the court” (Social Services Law § 384-b [4] [b]; see Matter of Annette B., 4 NY3d 509, 513 [2005]). Abandonment must be proven by clear and convincing evidence (see Matter of Annette B., 4 NY3d at 514; Matter of Peteress Reighly B., 62 AD3d 695, 696 [2009]).
 

 Here, the agency failed to establish, by clear and convincing evidence, that during the relevant period of time the father evinced an intent to forgo his parental rights and obligations (see Matter of Julius P., 63 NY2d 477, 481 [1984]; Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10, 14 [2015]). The record demonstrates that once the father had sufficient reason to believe he might be the father, he took action to assert his paternity (cf. Matter of Jake W.E. [Jonathan S.], 132 AD3d 990, 991 [2015]) and sought to have contact with the child, filed petitions for custody, visited with the child on two occasions and attempted to visit on a third occasion, and brought the child snacks, toys, and clothes during the visits. In addition, the father spoke with the caseworker on the phone on multiple occasions, paid child support in the amount of $25 per month, and provided the caseworker with information about where he was living, who he was living with, and about a daycare where he would enroll the child. Under these circumstances, the Family Court should have denied the petition on the merits, and dismissed the proceeding (see Matter of La’Asia S., 191 Misc 2d 28, 39 [Fam Ct, NY County 2002]; cf. Matter of Tinisha J. [William J.], 135 AD3d 760, 761 [2016]; Matter of Jeremiah Kwimea T., 10 AD3d 691, 692 [2004]).
 

 In light of our determination, we need not address the father’s remaining contention.
 

 Dillon, J.P., Duffy, Connolly and Christopher, JJ., concur.