Matter of Mason H. (Joseph H.) (2018 NY Slip Op 04384)

Matter of Mason H. (Joseph H.)

2018 NY Slip Op 04384 [31 NY3d 1109]

June 14, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 29, 2018

[*1]

In the Matter of Mason H., Alleged to be an Abandoned Child. Broome County Department of Social Services, Respondent; Joseph H., Appellant.

Decided June 14, 2018

Matter of Mason H. (Joseph H.), 154 AD3d 1129, reversed.

APPEARANCES OF COUNSEL

Sandra M. Colatosti, Albany, for appellant.
Thomas P. Coulson, Broome County Department of Social Services, Binghamton, for respondent.
D.J. & J.A. Cirando, Syracuse (John A. Cirando of counsel), Attorney for the Child.

{**31 NY3d at 1110} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be reversed, without costs, and the petition dismissed.
An order terminating parental rights may be entered upon the ground that a child's parent "abandoned such child for the period of six months immediately prior to the date on which the petition is filed in the court" (Social Services Law § 384-b [4] [b]). A child is "abandoned" within the meaning of Social Services Law § 384-b, if the "parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (id. § 384-b [5] [a]). Parents are presumed able to visit and communicate with their children and, although incarcerated parents may be unable to visit, they are still presumed able to communicate with their children absent proof to the contrary (see id. § 384-b [2] [b]; [5] [a]; Matter of Annette B., 4 NY3d 509, 514 [2005]).
The petitioner agency bears the burden of proving abandonment by clear and convincing evidence (see Social Services Law § 384-b [3] [g] [i]; Matter of Annette B., 4 NY3d at 514). Here, petitioner's caseworker testified that respondent—who was incarcerated—did not visit with the child or communicate with the caseworker or other agency personnel in the six months preceding the filing of the abandonment petition. However, the record is bereft of evidence establishing that respondent failed to communicate with the child, directly or through the child's foster parent, during the relevant time period. Thus, petitioner did not meet its burden of demonstrating, by clear and convincing evidence, that respondent abandoned the child.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.
[*2]On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, without costs, and the petition dismissed, in a memorandum.