Matter of Grace E. W.-F. (Zanovia W.) (2022 NY Slip Op 03119)





Matter of Grace E. W.-F. (Zanovia W.)


2022 NY Slip Op 03119


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-00331 
2021-00339
 (Docket Nos. B-10860-18, B-10861-18)

[*1]In the Matter of Grace E. W.-F. (Anonymous). New York Foundling Hospital, petitioner-respondent; Zanovia W. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Nathaniel Z. W.-F. (Anonymous). New York Foundling Hospital, petitioner-respondent; Zanovia W. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)

 

Lauri Gennusa, Laurelton, NY, for appellant.
Daniel Gartenstein, Long Island City, NY, for petitioner-respondent.
Ira J. Forman, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (one as to each child), both dated November 19, 2020. The orders, insofar as appealed from, after a fact-finding hearing, found that the mother abandoned the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the petitions are denied insofar as asserted against the mother.
The appellant (hereinafter the mother) is the mother of twins (hereinafter together the children) who have been in foster care with the mother's maternal aunt since November 2014. In April 2018, New York Foundling Hospital (hereinafter the petitioner) filed petitions seeking, among other things, to terminate the mother's parental rights on the ground of abandonment. Following a fact-finding hearing, the Family Court determined that the mother had abandoned the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Termination of parental rights is authorized by Social Services Law § 384-b(4)(b). In order to demonstrate that the mother abandoned the children, the petitioner was required to demonstrate by clear and convincing evidence that during the six months prior to the petitions being [*2]filed, the mother evinced an intent to forego her parental rights, as manifested by her failure to visit or communicate with the children or the petitioner although able to do so and not prevented or discouraged from doing so by the petitioner (see id. § 384-b[3][g][i]; [4][b]; [5]; see generally Matter of Mason H. [Joseph H.], 31 NY3d 1109; Matter of Darrell J.D.J. [Kenneth R.], 156 AD3d 788).
Here, the petitioner failed to establish by clear and convincing evidence that the mother evinced an intent to forego her parental rights. The record demonstrates that, during the six-month abandonment period, the mother visited with the children on two occasions, saw the children on at least one additional occasion at a family gathering, purchased clothing for the children, spoke with the case worker on the phone multiple times, and objected to the goal for the children's placement changing to a kinship adoption rather than returning the children to the mother. Under these circumstances, the Family Court should have denied the petitions on the merits, insofar as asserted against the mother (see Matter of Mason H. [Joseph H.], 31 NY3d 1109; Matter of Darrell J.D.J. [Kenneth R.], 156 AD3d 788). We further note that the record contains testimony from a case worker that, during family visits subsequent to the filing of the petitions, the mother's interactions with the children were "very positive." "While a parent's conduct outside the abandonment period is not determinative in an abandonment proceeding, it may be relevant to assessing parental intent" (Matter of Aniya P. [Imani B.], 67 AD3d 434, 435; see Matter of Annette B., 4 NY3d 509, 514-515).
In light of our determination, we need not reach the mother's remaining contentions.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court