Matter of J.S.G. (2026 NY Slip Op 01454)

Matter of J.S.G.

2026 NY Slip Op 01454

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Docket No. B-2826/21|Appeal No. 6089|Case No. 2025-04407|

[*1]In the Matter of J.S.G., A Child Under the Age of Fourteen Years, etc., Graham Windham Services to Families and Children, Petitioner-Respondent, S.G., Respondent-Appellant, N.P., Respondent-Respondent.

Steven N. Feinman, White Plains, for appellant.
The Law Offices of James Cortazzo, P.C., Mineola (Dwight A. Kennedy of counsel), for Graham Windham Services to Families and Children, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Valerie A. Pels, J.), entered on or about July 14, 2025, which, upon a finding of abandonment, terminated the parental rights of respondent father to the subject child, and committed the custody and guardianship of the child to the petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The finding of abandonment is supported by clear and convincing evidence that for the six-month period immediately prior to the filing of the petition the father visited the child only twice, had minimal contact with the agency, and provided no financial support for his child (see Social Services Law § 384-b [4][b]; [5][a]; Matter of Pandora S.D. [Isabelle D.], 231 AD3d 575, 575 [1st Dept 2024], lv denied 43 NY3d 901 [2025]; Matter of Aniya P. [Imani B.], 67 AD3d 434, 435 [1st Dept 2009]). The father testified at the fact-finding hearing that he visited the child twice during the six months before the underlying termination petition was filed against him, demonstrating that his attempts to maintain contact with the child were "too sporadic and insubstantial to avoid the presumption of abandonment" (Matter of Christie A.M., 57 AD3d 225, 226 [1st Dept 2008]).
The father's contention that the agency and the child's foster mother prevented him from communicating or visiting the child is contradicted by the record. The father testified that the foster mother stopped answering his telephone calls, and the agency's caseworker and supervisor both failed to respond to his inquiries. However, the father never notified Family Court in the six months before the underlying petition was filed against him that he was not receiving visitation with the child, despite being represented by counsel and having four scheduled appearances before the court, none of which he attended. The agency's progress note from April 1, 2021, further reflects that the father had not contacted the agency or the child's foster mother since June 2020, and that his location was unknown. The agency was not required to demonstrate diligent efforts to encourage the father to maintain contact with the child (see Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459, 461 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026