[804 NE2d 964, 772 NYS2d 643]

In the Matter of GABRIELLE HH., a Child Alleged to be Abandoned. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ADAM HH., Appellant.

Decided December 18, 2003

**APPEARANCES OF COUNSEL**

*Theresa M. Suozzi*, Saratoga Springs, for appellant.
*James A. Carlucci*, Hudson, for respondent.

*J. Mark McQuerrey*, Hoosick Falls, *Law Guardian*.

### OPINION OF THE COURT

MEMORANDUM.

■ The order of the Appellate Division should be affirmed, without costs.

Biological father Adam HH. appeals from an Appellate Division order which affirmed a Family Court order terminating his parental rights on the ground of abandonment. Record evidence supports the affirmed factual findings that Adam HH. had no contact with either the child or the agency during the six months prior to the filing of the abandonment petition. This lack of contact evinces his intent to forego his parental rights (*see* Social Services Law § 384-b [5] [a]). Adam HH.'s contention that his parental rights were improperly terminated because the Department of Social Services (DSS) failed to demonstrate that it engaged in diligent efforts to encourage his relationship with the infant is misplaced. In the abandonment context, "the court shall not require a showing of diligent efforts, if any, by an authorized agency to encourage the parent to perform the acts specified in paragraph (a) of this subdivision" (Social Services Law § 384-b [5] [b]; *see Matter of Julius P.*, 63 NY2d 477, 481 [1984]).

■ To the extent that Adam HH. now contends that he did not contact the agency because he believed that an order of protection prohibiting him from direct or indirect contact with the child barred him from doing so, the Appellate Division correctly observed that the proof adduced at the hearing provided no basis for this claim. Represented by counsel, he testified that he understood the order as preventing him from contacting the mother or child but he did not indicate that he believed the order prevented him from contacting DSS. His present claim is therefore unsupported by any evidence in the record. In any event, "[t]he statute makes clear that the burden rests on the parent to maintain contact" (*Matter of Julius P.*, 63 NY2d at 481) and Family Court found that DSS did not discourage him from working with the agency to plan or provide for the child. In addition to his lack of contact with the agency, Adam HH. demonstrated a consistent pattern of disregarding his obligations as a parent—through his abuse of the biological mother, his violations of the orders of protection and his persistent refusal to submit to the court-ordered mental health evaluation.

Thus, there is no reason to disturb the determinations of Family Court and the Appellate Division that the agency

established abandonment by clear and convincing evidence (*see* Social Services Law § 384-b [3] [g]; [4] [b]).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.