■ In the Matter of ALEXANDRYIA M.M.B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER C., Appellant. [17 NYS3d 321]—Appeal from an order of disposition of the Family Court, Suffolk County (David Freundlich, J.), dated July 15, 2014. The order of disposition, upon a fact-finding order of that court dated June 26, 2014, finding that the mother abandoned the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly determined, by clear and convincing evidence, that the mother abandoned her child during the six-month period prior to the filing of the petition (*see* Social Services Law § 384-b [5]; *Matter of Andrea B.*, 66 AD3d 770 [2009]). Neither the order of protection which directed the mother to stay away from the child, nor the order suspending supervised visitation, prevented her from sending gifts or money to the child or from communicating with the agency (*see*

*Matter of Gabrielle HH.*, 306 AD2d 571, 573 [2003], *affd* 1 NY3d 549 [2003]). Additionally, the mother was not discouraged from contacting the child by the court having relieved the agency of its obligation to use diligent efforts to reunite the mother with the child (*see Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]; *Matter of Peteress Reighly B.*, 62 AD3d 695 [2009]).

Finally, the Family Court did not err in declining to grant a suspended judgment. A suspended judgment is not a permissible disposition in a proceeding pursuant to Social Services Law § 384-b (4) (b) (*see Matter of Carter A. [Jason A.]*, 111 AD3d 1181,1183 [2013]; *Matter of Erving BB. [Lynette EE.]*, 111 AD3d 1102, 1104 [2013]; *Matter of Shavenon Edwin N. [Francisco N.]*, 84 AD3d 444, 445 [2011]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.