◼ In the Matter of TINISHA J. WESTCHESTER COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM J., Appel-

lant, et al., Respondent. (Proceeding No. 1.) In the Matter of WILLIAM J. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM J., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of AALIYAH J. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM J., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DEAVION J. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM J., Appellant, et al., Respondent. (Proceeding No. 4.) [23 NYS3d 313]—

Appeals from four orders of fact-finding and disposition of the Family Court, Westchester County (Kathie E. Davidson, J.) (one as to each child), all dated September 4, 2014. The orders, after a hearing, found that the father abandoned the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

In 2012, the petitioner commenced these proceedings to terminate the father's parental rights to the subject children on the ground of abandonment. After a hearing, the Family Court found that the father had abandoned the children, terminated his parental rights, and transferred guardianship and custody of the children to the Westchester County Department of Social Services for the purpose of adoption. The father appeals.

An order terminating parental rights may be granted where the petitioner has established, by clear and convincing evidence, that the parent abandoned the subject children for the six-month period before the petition was filed (*see* Social Services Law § 384-b [3] [g] [i]; [4] [b]; *Matter of Annette B.*, 4 NY3d 509, 513 [2005]; *Matter of Peteress Reighly B.*, 62 AD3d 695, 696 [2009]). An intent to abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (*Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *see Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child (*see Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]; *Matter of Julius P.*, 63 NY2d at 481; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970, 971 [2010]).

Here, although an order of protection prohibited the father from contacting the children directly, the father was still obligated to maintain contact with the petitioner, which had legal custody of the children (*see Matter of Miranda J. [Jeromy J.]*, 118 AD3d 1469, 1470 [2014]; *Matter of Gabrielle HH.*, 306 AD2d 571, 573 [2003], *affd* 1 NY3d 549 [2003]; *Matter of Krysheena*, 265 AD2d 816, 816 [1999]). The fact that the father was incarcerated also did not excuse him from contacting the petitioner (*see Matter of Annette B.*, 4 NY3d at 514; *Matter of Tashara B.*, 299 AD2d 356, 357 [2002]).

To the extent that there was evidence that the father was in contact with the petitioner during the relevant time frame, the Family Court did not err in holding that such contact was too minimal, sporadic, and insubstantial to defeat the showing of abandonment (*see Matter of Jayquan J. [Clint J.]*, 77 AD3d 947, 948 [2010]; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d at 971; *Matter of Destiny Aaliyah K.*, 62 AD3d 708, 709 [2009]; *Matter of Jeremiah Kwimea T.*, 10 AD3d at 692).

Accordingly, the Family Court properly found that the father abandoned the children.

Under the circumstances, the Family Court properly concluded that it was in the best interests of the children to terminate the father's parental rights and free them for adoption (*see Matter of Destiny Aaliyah K.*, 62 AD3d at 709; *Matter of Jeremiah Kwimea T.*, 10 AD3d at 692). Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.