■ In the Matter of DAYYAN J.L. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAYYAN L., Appellant, et al., Respondent. [44 NYS3d 191]—

Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), dated January 7, 2016. The order of fact-finding and disposition, after a hearing, found that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In 2012, the petitioner commenced this proceeding to terminate the father's parental rights to the subject child on the ground of abandonment. After a hearing, the Family Court found that the father had abandoned the child, terminated his parental rights, and transferred guardianship and custody of the child to the Orange County Department of Social Services for the purpose of adoption. The father appeals.

An order terminating parental rights may be granted where the petitioner has established, by clear and convincing evidence, that the parent abandoned the subject children for the six-month period before the petition was filed (*see* Social Services Law § 384-b [3] [g] [i]; [4] [b]; *Matter of Annette B.*, 4 NY3d 509, 513 [2005]; *Matter of Tinisha J. [William J.]*, 135 AD3d 760, 761 [2016]; *Matter of Peteress Reighly B.*, 62 AD3d 695, 696 [2009]). An intent to abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (*Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *see Matter of Tinisha J. [William J.]*, 135 AD3d at 761; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child

(see *Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]; *Matter of Julius P.*, 63 NY2d at 481; *Matter of Tinisha J. [William J.]*, 135 AD3d at 761; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970, 971 [2010]). Here, the testimony of the caseworker, which was unopposed, established by clear and convincing evidence that the father had failed to visit or to contact the subject child during the six-month period prior to the filing of the petition.

Moreover, the Family Court did not err in declining to grant a suspended judgment. A suspended judgment is not a permissible disposition in a proceeding pursuant to Social Services Law § 384-b (4) (b) (see *Matter of Alexandryia M.M.B. [Heather C.]*, 132 AD3d 664, 664-665 [2015]; *Matter of Carter A. [Jason A.]*, 111 AD3d 1181, 1183 [2013]; *Matter of Erving BB. [Lynette EE.]*, 111 AD3d 1102, 1104 [2013]; *Matter of Shavenon Edwin N. [Francisco N.]*, 84 AD3d 444, 445 [2011]). Accordingly, the court properly concluded that it was in the best interests of the child to terminate the father's parental rights and transfer guardianship and custody of the child to the Orange County Department of Social Services for the purpose of adoption. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.