Matter of Maricel J.S. (Alex S.) (2020 NY Slip Op 01918)





Matter of Maricel J.S. (Alex S.)


2020 NY Slip Op 01918


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-13891 
2018-13896
 (Docket Nos. B-17035-16, B-17028-16)

[*1]In the Matter of Maricel J. S. (Anonymous). Suffolk County Department of Social Services, respondent; Alex S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Alex C. S. (Anonymous), Jr. Suffolk County Department of Social Services, respondent; Alex S. (Anonymous), appellant. (Proceeding No. 2)


Abbe Shapiro, Mount Sinai, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (Bernard Cheng, J.) (one as to each child), dated November 14, 2018. The orders, after fact-finding and dispositional hearings, determined that the father abandoned the subject children, in effect, terminated his parental rights, and transferred guardianship and custody of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
We agree with the Family Court's finding that the father abandoned the subject children. The petitioner established by clear and convincing evidence that the father failed to visit or maintain regular contact with the children or the petitioner for the six-month period preceding the filing of the petitions, despite his ability to do so, and that the petitioner did not prevent or discourage the father from visiting or communicating with the children during that period (see Social Services Law § 384-b[4][b], [5][a]; Matter of Gabrielle HH., 1 NY3d 549, 550; Matter of Tinisha J. (William J.), 135 AD3d 760, 761). The father's incarceration did not relieve him of the responsibility to maintain contact or communicate with the children or the petitioner (see Matter of Mikai R. (Ralph R.), 166 AD3d 624, 625; Matter of Aliyah S.P. (William L.), 163 AD3d 969, 969; Matter of Tinisha J. (William J.), 135 AD3d at 762). Although the father had some contact with the [*2]children and the petitioner during the relevant period, we agree with the court's determination that such contact was too minimal, sporadic, and insubstantial to defeat the showing of abandonment (see Matter of Annette B., 4 NY3d 509, 514; Matter of Morgan A.H. (Ta-Mirra J.H.), 172 AD3d 861, 862; Matter of Tinisha J. (William J.), 135 AD3d at 762; Matter of Kaheem Jamal T., 66 AD3d 690, 690; Matter of Jeremiah Kwimea T., 10 AD3d 691, 692).
The father's remaining contention is without merit.
Accordingly, we agree with the Family Court's determination that the father abandoned the children.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court