Matter of Darrell H. (Darrell D. H.) (2020 NY Slip Op 07571)





Matter of Darrell H. (Darrell D. H.)


2020 NY Slip Op 07571


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-14234
 (Docket Nos. B-12821-16, B-12828-16)

[*1]In the Matter of Darrell H. (Anonymous), Jr. Suffolk County Department of Social Services, respondent; Darrell D. H. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nevaeh M. H. (Anonymous). Suffolk County Department of Social Services, respondent; Darrell D. H. (Anonymous), appellant. (Proceeding No. 2.)


Abbe Shapiro, Mount Sinai, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Alex J. Berkman of counsel), for respondent.
Heather A. Fig, Bayport, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Frank A. Tantone, J.), dated November 7, 2018. The order of fact-finding and disposition, after a hearing, found that the father had abandoned the subject children, terminated the father's parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In October 2014, the subject children were placed into foster care. In June 2016, the petitioner, Suffolk County Department of Social Services, commenced these proceedings pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of, inter alia, abandonment. By order of fact-finding and disposition, after a hearing, the Family Court found that the father had abandoned the subject children, terminated the father's parental rights, and transferred guardianship and custody of the children to the petitioner for the purposes of adoption. The father appeals.
In order to demonstrate that the father abandoned the subject children, the petitioner was required to establish by clear and convincing evidence that the father "evince[d] an intent to forego his . . . parental rights and obligations" by failing to visit or communicate with the children or the petitioner during the six-month period before the petition was filed (Social Services Law § 384-b[5][a]; see Social Services Law § 384-b[4][b]; Matter of Aliyah S.P. [William L.], 163 AD3d [*2]969, 969). We agree with the Family Court's finding that the father abandoned the children. The evidence demonstrated that the father, who was incarcerated, did not have any contact with the subject children during the relevant time period.
We disagree with the father's contention that the Family Court erred in terminating his parental rights. The father claims that his testimony demonstrated that he made efforts to maintain a relationship with the children. "The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child" (Matter of Tinisha J. [William J.], 135 AD3d 760, 761; see Matter of Gabrielle HH., 1 NY3d 549, 550). The incarceration of a parent does not relieve that parent of the responsibility to maintain contact or communicate with the subject child or agency (see Matter of Mikai R. [Ralph R.], 166 AD3d 624, 625; Matter of Aliyah S.P. [William L.], 163 AD3d at 969; Matter of Beatrice A. [Selina A.], 158 AD3d 747, 748; Matter of Tinisha J. [William J.], 135 AD3d 761, 762; Matter of Samantha L.S. [Daniel S.], 134 AD3d 1128, 1129; Matter of Jerralynn R. Mc. [Scott Mc.], 114 AD3d 793, 794). Even crediting the father's testimony that he made contact with the petitioner by phone one time during the relevant time period, that contact was "too minimal, sporadic, and insubstantial to defeat the showing of abandonment" (Matter of Tinisha J. [William J.], 135 AD3d at 762; see Matter of Jayquan J. [Clint J.], 77 AD3d 947, 948).
We disagree with the father's contention that the failure of the petitioner to provide him with certain information produced by the Office of Children and Family Services (hereinafter OCFS) requires reversal of the order of fact-finding and disposition. Where a petitioner proceeds on a theory of permanent neglect against an incarcerated parent, it is required to demonstrate that it made diligent efforts to encourage and strengthen the parental relationship by, inter alia, providing information to that parent from OCFS which outlines the rights and obligations of incarcerated parents (see Social Services Law § 384-b[7][a], [f][6]). Here, the petitioner proceeded on a theory of abandonment, which does not require such a showing of diligent efforts (see Social Services Law § 384-b[5][b]). Moreover, the failure of the petitioner to provide the information from OCFS did not prevent or discourage the father from maintaining contact with the children (see Matter of Jayquan J. [Clint J.], 77 AD3d at 948).
The remaining contentions of the father and the attorney for the child are without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court