Matter of Myla-Ray L. (Ryan L.) (2021 NY Slip Op 04135)





Matter of Myla-Ray L. (Ryan L.)


2021 NY Slip Op 04135


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-13036
 (Docket No. B-1131-19)

[*1]In the Matter of Myla-Ray L. (Anonymous). Orange County Department of Social Services, respondent; 
and
Ryan L. (Anonymous), appellant.


Christine Theodore, Spring Valley, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Stephanie Bazile of counsel), for respondent.
Steven P. Forbes, Huntington, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Lori Currier Woods, J.), entered October 17, 2019. The order of fact-finding and disposition, after a fact-finding hearing, found that the father abandoned the subject child.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
Three months after her birth, the subject child was placed in the temporary custody of her maternal grandmother. After a fact-finding hearing, the Family Court found that the father abandoned the child. The father appeals.
Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition. Social Services Law § 384-b(5)(a) provides that "a child is 'abandoned' by his [or her] parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency." Abandonment must be proven by clear and convincing evidence (see Matter of Annette B., 4 NY3d 509, 514; Matter of Christopher C. [Sherwin C.], 111 AD3d 715).
Here, there was clear and convincing evidence presented at the hearing that the father abandoned the child. Testimony of the caseworker and the maternal grandmother established that during the relevant period, the father called the petitioner once to schedule visits, attended only one visit with the child, and sent no letters, cards, or gifts for the child. Credibility determinations of the Family Court should be accorded great deference as it was in the best position to evaluate the character and sincerity of the witnesses (see Matter of Irene O., 38 NY2d 776).
While the father claimed he did not receive various correspondence from the petitioner, he admitted that he never informed the caseworker of his change of address. The burden rests on the parent to maintain contact, and the petitioner need not show diligent efforts to encourage the parent to visit or communicate with the child (see Matter of Julius P., 63 NY2d 477, 481; Matter of Honesty M.M.M. [Taikeem L.W.], 165 AD3d 1260).
The father's minimal, sporadic, and insubstantial contacts are insufficient to overcome a finding of abandonment (see Matter of Akeelah D.C.-S. [Cheniqua C.-S.], 126 AD3d 967), when clear and convincing evidence otherwise supports granting the petition (see Matter of Dion J.L. [Danac L.], 183 AD3d 736; Matter of Peteress Reighly B., 62 AD3d 695). Accordingly, the Family Court's determination has a sound and substantial basis in the record and should not be disturbed (see Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766).
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court