Matter of Abel J. R. (Michael S.) (2022 NY Slip Op 04728)

Matter of Abel J. R. (Michael S.)

2022 NY Slip Op 04728

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-04902
 (Docket No. B-1235-20)

[*1]In the Matter of Abel J. R. (Anonymous). Westchester County Department of Social Services, respondent; Michael S. (Anonymous), appellant.

W. David Eddy, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
Steven Ranellone, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated October 15, 2021. The order of fact-finding and disposition, upon an amended order of the same court dated of July 2, 2021, made after a fact-finding hearing, determined that the father abandoned the subject child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The appeal from the order of fact-finding and disposition brings up for review the amended order dated July 2, 2021.
ORDERED that on the Court's own motion, the notice of appeal from the amended order dated July 2, 2021, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated October 15, 2021 (see CPLR 5520[c]); and it is further,
ORDERED that the order of fact-finding and disposition dated October 15, 2021, is affirmed, without costs or disbursements.
The appellant (hereinafter the father) is the father of the subject child, who was born in January 2018. The child has been in foster care since shortly after birth. On February 4, 2020, the Westchester County Department of Social Services (hereinafter the petitioner) filed a petition to terminate the father's parental rights on the ground of abandonment. Following a fact-finding hearing, the Family Court determined that the father had abandoned the child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The father appeals.
Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition. Social Services Law § 384-b(5)(a) provides that "a child is 'abandoned' by his [or her] parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although [*2]able to do so and not prevented or discouraged from doing so by the agency." The burden rests on the parent to maintain contact, and the petitioner need not show diligent efforts to encourage the parent to visit or communicate with the child (see Matter of Gabrielle HH., 1 NY3d 549, 550; Matter of Julius P., 63 NY2d 477, 481). Abandonment must be proven by clear and convincing evidence (see Matter of Annette B., 4 NY3d 509, 514; Matter of Myla-Ray L. [Ryan L.], 195 AD3d 1024).
Here, contrary to the father's contention, the petitioner established, by clear and convincing evidence, that the father abandoned the child by failing to visit or maintain contact with him, or the petitioner, for the six-month period preceding the filing of the petition to terminate the fathr's parental rights (see Social Services Law § 384-b[4][b]; [5][a]; Matter of Nyshawn R.V.S. [Erica M.V.], 145 AD3d 902, 902-903). The father's minimal, sporadic, and insubstantial contacts are insufficient to overcome a finding of abandonment (see Matter of Myla-Ray L. [Ryan L.], 195 AD3d at 1025; Matter of Maricel J.S. [Alex S.], 181 AD3d 804, 805; Matter of Blake A.M. [Marisa L.], 167 AD3d 895, 897).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly determined that the father abandoned the child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court