Matter of Anton T. H. (Troy A. H.) (2023 NY Slip Op 00086)

Matter of Anton T. H. (Troy A. H.)

2023 NY Slip Op 00086

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-05442
2022-10223
 (Docket Nos. B-9082-20, B-9083-20)

[*1]In the Matter of Anton T. H. (Anonymous), etc. New York Foundling Hospital, petitioner-respondent;
and
Troy A. H. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Saniyah A. H. (Anonymous), etc. New York Foundling Hospital, petitioner-respondent; Troy A. H. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Tammi D. Pere, Jamaica, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent.
Twyla Carter, New York, New York (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Monica D. Shulman, J.), both dated August 3, 2021. The orders of fact-finding and disposition, insofar as appealed from, upon an order of the same court dated July 9, 2021, made after a fact-finding hearing, determined that the father abandoned the subject children, terminated his parental rights, and transferred guardianship and custody of the children to the New York City Administration for Children's Services and the petitioner for the purpose of adoption. The appeal from the orders of fact-finding and disposition brings up for review the order dated July 9, 2021.
ORDERED that on the Court's own motion, the notice of appeal from the order dated July 9, 2021, is deemed to be a premature notice of appeal from the orders of fact-finding and disposition dated August 3, 2021 (see CPLR 5520[c]); and it is further,
ORDERED that the orders of fact-finding and disposition dated August 3, 2021, are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights with respect to the subject children on the ground of abandonment. After a fact-finding hearing, the Family Court determined that the father [*2]abandoned the children, terminated his parental rights, and transferred guardianship and custody of the children to the New York City Administration for Children's Services and the petitioner for the purpose of adoption. The father appeals. We affirm.
To demonstrate that the father abandoned the children, the petitioner was required to establish by clear and convincing evidence that the father evinced "[a]n intent to abandon [the] child[ren]" by "'fail[ing] to visit the child[ren] or communicate with the child[ren] or the [petitioner] although able to do so and not prevented or discouraged from doing so by the [petitioner]'" during the six-month period before the petitions were filed (Matter of Dion J.L. [Danac L.], 183 AD3d 736, 737, quoting Matter of Julius P., 63 NY2d 477, 481; see Social Services Law § 384-b[4][b]; [5][a]). Here, the petitioner met this burden. The record reveals that the father did not contact the petitioner or otherwise attempt to contact the children by sending letters, gifts, cards, or financial support during the relevant time period. The father failed to demonstrate that injuries he allegedly sustained and the COVID-19 pandemic restrictions so permeated his life that contact with the children was not feasible. He did not submit any supporting documentary evidence to substantiate the length, severity, or extent of his injuries, or the effect the pandemic restrictions had upon him (see Matter of David UU. [Jeanie UU.], 206 AD3d 1502, 1505; Matter of Madelynn T. [Rebecca M.], 148 AD3d 1784, 1785-1786; Matter of Crystal C., 219 AD2d 601, 602). These circumstances did not relieve the father of his responsibility to maintain contact or communicate with the children or the petitioner (see Matter of Dion J.L. [Danac L.], 183 AD3d at 737).
Although the father testified that the petitioner only contacted the mother, thereby preventing him from maintaining contact with or visiting the children, his "testimony was vague and uncorroborated, and insufficient to overcome a showing of abandonment" (Matter of Aliyah S.P. [William L.], 163 AD3d 969, 969; see Matter of Elizabeth Susanna R., 11 AD3d 619, 620-621). Furthermore, the father's minimal, sporadic, and insubstantial contacts are insufficient to overcome a finding of abandonment when clear and convincing evidence otherwise supports granting the petitions (see Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728; Matter of Dion J.L. [Danac L.], 183 AD3d at 737). Accordingly, the Family Court's determination has a sound and substantial basis in the record and should not be disturbed (see Matter of Myla-Ray L. [Ryan L.], 195 AD3d 1024).
The father's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court