Matter of Kylee I. C. (Thomas C.) (2023 NY Slip Op 00418)

Matter of Kylee I. C. (Thomas C.)

2023 NY Slip Op 00418

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-09012 
2021-09014
 (Docket Nos. B-14670-20, B-14671-20, B-14675-20, B-14676-20)

[*1]In the Matter of Kylee I. C. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Thomas C. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Hailee C. C. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Thomas C. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)

Darla A. Filiberto, Islandia, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Jacklyn N. Aymong of counsel), for petitioner-respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated October 22, 2021, and (2) an order of disposition of the same court dated November 22, 2021. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father abandoned the subject children. The order of disposition, insofar as appealed from, upon the order of fact-finding, terminated the father's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs and disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
In January 2020, the subject children were placed in foster care for the third time since they were born in 2017. In December 2020, the petitioner, Suffolk County Department of [*2]Social Services, commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on the ground of abandonment. After a fact-finding hearing, the Family Court, among other things, found that the father abandoned the children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The father appeals.
"Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition" (Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728). "[The statute] provides that a child is abandoned by his or her parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency [within the relevant period], although able to do so and not prevented or discouraged from doing so by the agency" (id. at 728 [alterations and internal quotation marks omitted]; see Social Services Law § 384-b[5][a]). "Abandonment must be proven by clear and convincing evidence" (Matter of Abel J.R. [Michael S.], 207 AD2d at 728; see Social Services Law § 384-b[3][g][1]). "Once the petitioning agency establishes that the parent failed to maintain contact with his or her child, the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the . . . agency" (Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1344-1345 [internal quotation marks omitted]; see Matter of Donna E.J. [Fatima J.], 96 AD3d 746, 746; Matter of Catholic Child Care Socy. of Diocese of Brooklyn, 112 AD2d 1039, 1040).
Contrary to the father's contention, the Family Court correctly determined that the petitioner demonstrated through clear and convincing evidence that he abandoned the children (see Matter of Ishmael J.L.T.M. [Terry K.], 194 AD3d 1060, 1061). The evidence adduced at the hearing reflected that the father's contacts with the petitioner during the relevant six-month period were minimal, sporadic, and insubstantial, and therefore insufficient to overcome a finding of abandonment (see Matter of Darrell H. [Darrell D.H.], 189 AD3d 1235, 1236; Matter of Tinisha J. [William J.], 135 AD3d 760, 762; Matter of Anthony T., 35 AD3d 1201, 1201-1202). Contrary to his further contention, the father's filing of a petition seeking parental access a few weeks before the petitioner commenced these proceedings was insufficient to rebut the presumption that he intended to forego his parental rights under the circumstances presented (see Matter of Anthony T., 35 AD3d at 1201-1202; cf. Matter of Darrell J.D.J. [Kenneth R.], 156 AD3d 788, 789-790). Moreover, the father failed to demonstrate that the petitioner prevented or discouraged him from communicating with it or the children, or that he was otherwise unable to do so (see Matter of Darrell H. [Darrell D.H.], 189 AD3d at 1236; Matter of Maricel J.S. [Alex S.], 181 AD3d 804, 805; Matter of Luke, 65 AD3d 550, 551).
The father's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court