Matter of Aryanna W. (Precious W.) (2023 NY Slip Op 01494)

Matter of Aryanna W. (Precious W.)

2023 NY Slip Op 01494

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Docket No. B-01988/20 B-01989/20 Appeal No. 17550 Case No. 2022-00102 

[*1]In the Matter of Aryanna W., and Another, Children Under Eighteen Years of Age, etc., Precious W. Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.

The Bronx Defenders, Bronx (Mara Fleder of counsel), for appellant.
Geoffrey P. Berman P.C., Larchmont (Geoffrey P. Berman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.

Order of fact finding and disposition (one paper), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about December 8, 2021, which, after a fact-finding hearing, to the extent appealed from as limited by the briefs, determined that respondent mother had abandoned the subject children, terminated the mother's parental rights, and transferred custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's request for a full dispositional hearing following its finding of abandonment (see Matter of Angel L.R. [Alan R.], 206 AD3d 451, 451 [1st Dept 2022]). The finding was supported by clear and convincing evidence demonstrating that the mother failed to communicate with the children or send them gifts or cards, or to communicate with the agency during the six months immediately before the filing of the petition (see Matter of Jasiaia Lew R. [Aylyn R.], 101 AD3d 568, 568-569 [1st Dept 2012]). Nor did the mother establish that she was unable to maintain contact because she suffered from a severe hardship that so permeated her life that attempts at communication were not feasible, or that the agency prevented or discouraged her from doing so (see Social Services Law § 384-b[5][a]; Matter of Jayvon Jose R. [Francisco S.], 154 AD3d 600, 601 [1st Dept 2017]). Moreover, the mother had the opportunity to explain her abandonment of the children at the fact-finding hearing, and we are unpersuaded by her assertion that she has made recent significant progress in addressing her parenting deficits (see Matter of Angel L.-R., 205 AD3d at 451). The attorney for the children supports the agency's position with respect to termination.
The law is well- stablished that suspended judgment is not a permissible disposition in a proceeding under Social Services Law § 384-b(4)(b), and we decline to hold otherwise (see Shavenon Edwin N. [Francisco N.], 84 AD3d 444, 445 [1st Dept 2011]); Matter of Alexandryia M.M.B. [Heather C.], 132 AD3d 664, 664—665 [2d Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023