Matter of Ahmad S. M. (Samera M.) (2025 NY Slip Op 02783)

Matter of Ahmad S. M. (Samera M.)

2025 NY Slip Op 02783

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-01998
 (Docket Nos. B-1913-20, B-1914-20)

[*1]In the Matter of Ahmad S. M. (Anonymous). New Alternatives for Children, respondent-appellant; Bashir M. (Anonymous), appellant-respondent, Samera M. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Yalda M. (Anonymous). New Alternatives for Children, respondent-appellant; Bashir M. (Anonymous), appellant-respondent, Samera M. (Anonymous), respondent. (Proceeding No. 2.)

 Heath J. Goldstein, Jamaica, NY, for appellant-respondent.
 Dawn M. Shammas, New York, NY, for respondent-appellant.

Center for Family Representation, Inc., New York, NY (Emily S. Wall of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals, and the petitioner cross-appeals, from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated February 14, 2024. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father abandoned the subject children and terminated his parental rights. The order of fact-finding and disposition, insofar as cross-appealed from, after a fact-finding hearing, dismissed the petitions insofar as asserted against the mother.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings to terminate both the father's and the mother's parental rights to the subject children. Following a fact-finding hearing, the Family Court found that the father abandoned the children, terminated his parental rights without a dispositional hearing, found that the petitioner failed to establish by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the mother and the children, and dismissed the petitions insofar as asserted against the mother. The father appeals, and the [*2]petitioner cross-appeals.
"Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition" (Matter of Myla-Ray L. [Ryan L.], 195 AD3d 1024, 1024; see Matter of Kylee I.C. [Thomas C.], 213 AD3d 659, 660). To establish abandonment, "the petitioner was required to demonstrate by clear and convincing evidence that during the six months prior to the filing of the petitions, the [father] evinced an intent to forgo [his] parental rights, as manifested by [his] failure to visit the children and communicate with them or the petitioner, although able to do so and not prevented or discouraged by the petitioner from doing so" (Matter of Brooke S.M. [Carletta M.], 234 AD3d 764, 765; see Matter of Dion J.L. [Danac L.], 183 AD3d 736, 737). "Abandonment must be proven by clear and convincing evidence" (Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660; see Matter of Abel J.R. [Estilia R.], 220 AD3d 785, 786). "The burden rests on the parent to maintain contact, and the petitioner need not show diligent efforts to encourage the parent to visit or communicate with the child" (Matter of Myla-Ray L. [Ryan L.], 195 AD3d at 1024-1025; see Matter of King-Osiris A.T. [Isis S.], 224 AD3d 839, 840). "Once the petitioning agency establishes that the parent failed to maintain contact with his or her child, the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the . . . agency" (Matter of Abel J.R. [Estilia R.], 220 AD3d at 786-787 [internal quotation marks omitted]; see Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660).
Here, there was clear and convincing evidence presented at the hearing that the father abandoned the children. Testimony by the petitioner's caseworkers and the father established that during the relevant period, the father never contacted the children or the petitioner, never provided contact information to the petitioner, and sent no letters, cards, gifts, or financial support for the children (see Matter of King-Osiris A.T. [Isis S.], 224 AD3d at 840; Matter of Myla-Ray L. [Ryan L.], 195 AD3d at 1024). In opposing the petition, the father failed to establish that he was unable to maintain contact or that he was prevented or discouraged from doing so by the petitioner (see Matter of Abel J.R. [Estilia R.], 220 AD3d at 786-787; Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660).
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Angelina J.W. [Tanya J.W.], 217 AD3d 773, 774 [internal quotation marks omitted]; see Social Services Law § 384-b[7][a]). "Those efforts must include counseling, making suitable arrangements for parental access, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Kasey R.L.R. [Sharreise B.], 233 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894). "An agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (Matter of Kamiah J.N.H. [Katrina H.], 220 AD3d 861, 862; see Matter of Jamie M., 63 NY2d 388, 394).
Here, the petitioner failed to meet its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the mother and the children (see Social Services Law § 384-b[7][a], [f]). The evidence adduced at the hearing failed to establish that the petitioner made affirmative, repeated, and meaningful efforts to obtain a psychological evaluation to assist treatment of the mother's mental illness, to prepare the mother to provide care for the children's medical needs, or to provide a referral for services that would assist the mother in managing and engaging with the children. In light of the petitioner's failure to meet its burden of establishing its diligent efforts, the Family Court properly dismissed the petitions insofar as asserted against the mother (see Matter of Elijah W.L. [Omisa S.C.], 146 AD3d 782, 784).
The parties' remaining contentions either are without merit or have been rendered [*3]academic in light of our determination.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court