Matter of Raven Bless C. (Tirek C.) (2026 NY Slip Op 00502)

Matter of Raven Bless C. (Tirek C.)

2026 NY Slip Op 00502

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-04767
 (Docket No. B-3172-24)

[*1]Matter of Raven Bless C. (Anonymous). Catholic Guardian Services, petitioner-respondent; Tirek C., appellant, et al., respondent. 

Salvatore C. Adamo, New York, NY, for appellant.
Catholic Guardian Services, Bronx, NY (Amanda Vega and Ana Torres of counsel), for petitioner-respondent.
Janet L. Brown, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan Piccirillo, J.), entered May 14, 2025. The order of fact-finding and disposition, insofar as appealed from, made after a fact-finding hearing, found that the father abandoned the subject child, terminated the father's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On February 14, 2024, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of abandonment. The child, born in 2021, had been in foster care since shortly after birth. In an order of fact-finding and disposition entered May 14, 2025, made after a fact-finding hearing, the Family Court, among other things, found that the father abandoned the child, terminated the father's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
"Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition" (Matter of Kylee I.C. [Thomas C.], 213 AD3d 659, 660 [internal quotation marks omitted]; see Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728). "[A] child is abandoned by his or her parent if such a parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency [within the relevant period], although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660 [internal quotation marks omitted]; see Social Services Law § 384-b[5][a]). "Abandonment must be proven by clear and convincing [*2]evidence" (Matter of Ahmad S.M. [Samera M.], 238 AD3d 764, 765; see Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660). "The burden rests on the parent to maintain contact, and the petitioner need not show diligent efforts to encourage the parent to visit or communicate with the child" (Matter of Abel J.R. [Michael S.], 207 AD3d at 728; see Matter of Gabrielle HH., 1 NY3d 549, 550). "Once the petitioning agency establishes that the parent failed to maintain contact with his or her child, the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the . . . agency" (Matter of Ahmad S.M. [Samera M.], 238 AD3d at 765 [internal quotation marks omitted]). "A mere showing of sporadic and insubstantial contacts is insufficient to overcome a demonstration of abandonment" (Matter of Brooke S.M. [Carletta M.], 234 AD3d 764, 765).
Contrary to the father's contention, the Family Court correctly determined that the petitioner demonstrated by clear and convincing evidence that he abandoned the child. The evidence adduced at the fact-finding hearing reflected that the father did not contact the petitioner or otherwise attempt to contact the child by sending letters, gifts, or cards during the relevant time period (see Matter of Aliyah S.P. [William L.], 163 AD3d 969, 969). "The father's incarceration did not relieve him of his responsibility to maintain contact or communicate with the child or the petitioner" (id.; see Matter of Beatrice A. [Selina A.], 158 AD3d 747, 748). Although the father testified that the petitioner did not contact him and that he was not able to obtain a phone number for the petitioner, thereby preventing him from maintaining contact, his "testimony was vague and uncorroborated, and insufficient to overcome a showing of abandonment" (Matter of Anton T.H. [Troy A.H.], 212 AD3d 618, 620 [internal quotation marks omitted]; see Matter of Aliyah S.P. [William L.], 163 AD3d at 969). The father's minimal, sporadic, and insubstantial contact one time through a third party was insufficient to overcome a finding of abandonment (see Matter of Brooke S.M. [Carletta M.], 234 AD3d at 765; Matter of Abel J.R. [Michael S.], 207 AD3d at 728).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court