Matter of Joshua A.M. (Stephen M.) (2026 NY Slip Op 01203)

Matter of Joshua A.M. (Stephen M.)

2026 NY Slip Op 01203

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LILLIAN WAN
JAMES P. MCCORMACK
PHILLIP HOM, JJ.

2024-12324
2024-12325
 (Docket Nos. B-12454-22, B-12458-22)

[*1]In the Matter of Joshua A. M. (Anonymous). Jewish Child Care Association, respondent; Stephen M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Julia A. M. (Anonymous). Jewish Child Care Association, respondent; Stephen M. (Anonymous), appellant. (Proceeding No. 2)

Peter A. Wilner, New York, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Joshua A. M.
Lewis S. Calderon, Jamaica, NY, attorney for the child Julia A. M.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Monica Shulman, J.) (one as to each child), both dated October 1, 2024. The orders of fact-finding and disposition, after a fact-finding hearing, determined that the father abandoned the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
Jewish Child Care Association (hereinafter the agency) commenced these related proceedings to terminate the father's parental rights to the subject children. Following a fact-finding hearing, the Family Court determined that the father abandoned the children, terminated his parental rights, and transferred guardianship and custody of the children to the agency and Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
"'Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition'" (Matter of Ahmad S.M. [Samera M.], 238 AD3d 764, 765, quoting Matter of Myla-[*2]Ray L. [Ryan L.], 195 AD3d 1024, 1024). "[A] child is 'abandoned' by [their] parent if such parent evinces an intent to forego [their] parental rights and obligations as manifested by [their] failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b[5][a]). "'Abandonment must be proven by clear and convincing evidence'" (Matter of Ahmad S.M. [Samera M.], 238 AD3d at 765, quoting Matter of Kylee I.C. [Thomas C.], 213 AD3d 659, 660). "The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit the child[ren] or to communicate with the child[ren] or the agency" (Matter of Dion J.L. [Danac L.], 183 AD3d 736, 737; see Matter of Brooke S.M. [Carletta M.], 234 AD3d 764, 765). Once the petitioning agency establishes that the parent failed to maintain contact with their child, the burden shifts to the parent to prove an inability to maintain contact or that they were prevented or discouraged from doing so by the agency (see Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660; Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1344-1345).
Here, the agency established by clear and convincing evidence that the father abandoned the children during the six-month period immediately preceding the filing of the petitions (see Social Services Law § 384-b[4][b]). The testimony of the agency's caseworker and the father established that during the relevant time period, the father never contacted the children or agency, and he never sent letters, cards, gifts, or financial support for the children although he was able to and not prevented or discouraged from doing so by the agency (see Matter of Ahmad S.M. [Samera M.], 238 AD3d at 766; Matter of Micah L. [Rachel L.], 192 AD3d at 1346). Contrary to the father's contention, the agency was not required to make diligent efforts to contact him (see Social Services Law § 384-b[4][a]). Moreover, a suspended judgment is not a permissible disposition after a finding of abandonment (see Matter of King-Osiris A.T. [Isis. S.], 224 AD3d 839, 841; Matter of Dayyan J.L. [Dayyan L.], 145 AD3d 1007, 1008).
The new facts alleged by the father on appeal do not demonstrate that the record before us is no longer sufficient for determining the appeals (see Matter of Tyjon R. [Felicia R.], 240 AD3d 702, 704; cf. Matter of Michael B., 80 NY2d 299, 317-318).
Accordingly, we affirm the Family Court's orders of fact-finding and disposition determining that the father abandoned the children, terminating his parental rights, and transferring guardianship and custody of the children to the agency and Commissioner of Social Services of the City of New York for the purpose of adoption.
The father's remaining contentions are either unpreserved for appellate review or without merit.
BARROS, J.P., WAN, MCCORMACK and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court