Matter of Lanijah L. (Elijah L.)
2026 NY Slip Op 03964
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Lanijah L. (Anonymous). SCO Family of Services, petitioner-respondent; Elijah L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Elijah L. (Anonymous), Jr. SCO Family of Services, petitioner-respondent; Elijah L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Christopher L. (Anonymous). SCO Family of Services, petitioner-respondent; Elijah L. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-02488, (Docket Nos. B-4210-17, B-4211-17, B-23094-17)
Valerie Brathwaite Nelson, J.P.
Barry E. Warhit
Phillip Hom
Lisa S. Ottley, JJ.

Lisa A. Manfro, Port Washington, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Terrence J. Worms, Flushing, NY, attorney for the children.

[*1]
DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated March 1, 2024. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father permanently neglected the subject children Elijah L., Jr., and Lanijah L. and that he abandoned the subject child Christopher L., and terminated the father's parental rights to Christopher L.
ORDERED that the appeal from so much the order of fact-finding and disposition as found that the father permanently neglected the subject children Elijah L., Jr., and Lanijah L. is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much the order of fact-finding and disposition as found that the father permanently neglected the subject children Elijah L., Jr., and Lanijah L. must be dismissed because that portion of the order was superseded by orders of disposition of the same court issued as to the children Elijah L., Jr., and Lanijah L. both dated November 12, 2024. The issues relating to the children Elijah L., Jr., and Lanijah L. raised on the appeal from the order of fact-finding and disposition are brought up for review and have been considered on the related appeals from those orders of disposition (see Matter of Elijah L., Jr., [Elijah L.], ___ AD3d ___ [Appellate Division Docket Nos. 2025-02019, 2025-02399; [decided herewith]).
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject children Elijah L., Jr., and Lanijah L. on the ground of permanent neglect and to the subject child Christopher L. on the ground of abandonment. Following a fact-finding hearing, the Family Court found that the father permanently neglected the children Elijah L., Jr., and Lanijah L. and abandoned the child Christopher L., and terminated the father's parental rights to the child Christopher L. The father appeals.
"Termination of parental rights is authorized by Social Services Law § 384-b(4)(b) when a parent abandons a child for a period of six months immediately prior to the date of the filing of the petition" (Matter of Myla-Ray L. [Ryan L.], 195 AD3d 1024, 1024; see Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728). "[A] child is abandoned by his or her parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency [within the relevant period], although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Kylee I.C. [Thomas C.], 213 AD3d 659, 660 [internal quotation marks omitted]). "Abandonment must be proven by clear and convincing evidence" (Matter of Abel J.R. [Estilia R.], 220 AD3d 785, 786; see Matter of Ahmad S.M. [Samera M.], 238 AD3d 764, 765). "The burden rests on the parent to maintain contact, and the petitioner need not show diligent efforts to encourage the parent to visit or communicate with the child" (Matter of Myla-Ray L.[Ryan L.], 195 AD3d at 1024-1025; see Matter of Ahmad S.M. [Samera M.], 238 AD3d at 765). "Once the petitioning agency establishes that the parent failed to maintain contact with his or her child, the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the . . . agency" (Matter of Kylee I.C. [Thomas C.], 213 AD3d at 660 [internal quotation marks omitted]).
Here, the petitioner established by clear and convincing evidence that the father abandoned the child Christopher L. The evidence adduced at the hearing established that during the relevant time period, the father never contacted the child Christopher L. and never sent letters, gifts, or financial support for the child Christopher L. although the father was able to and not prevented or discouraged from doing so by the petitioner (see Matter of Joshua A. M. [Stephen M.], 247 AD3d 767, 768; Matter of Ahmad S.M. [Samera M.], 238 AD3d at 766). The petitioner was not required to make diligent efforts to contact the father (see Matter of Joshua A. M. [Stephen M.], 247 AD3d at 769). Moreover, a suspended judgment is not a permissible disposition after a finding of abandonment (see id.; Matter of King-Osiris A.T. [Isis S.], 224 AD3d 839, 841).
The father's remaining contentions are without merit.
Accordingly, we affirm so much of the order of fact-finding and disposition as determined that the father abandoned the child Christopher L., and terminated his parental rights as to that child.
BRATHWAITE NELSON, J.P., WARHIT, HOM and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court